

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00065-CR
### NO. 02-14-00066-CR
### NO. 02-14-00067-CR

FRED LEE MORGAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
## TRIAL COURT NOS. 1319282D, 1331032D, 1341383D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Fred Lee Morgan entered open pleas of guilty to the offenses of burglary (trial court cause numbers 1319282D and 1341383D) and bail jumping (trial court cause number 1331032D) and entered an open plea of true to the repeat offender paragraph in each case. In each case, the trial court found

---

[1]*See* Tex. R. App. P. 47.4.

Morgan guilty and found the repeat offender paragraph true. The trial court sentenced Morgan to twenty-five years' confinement for each burglary conviction and twenty years' confinement for the bail-jumping conviction, ordering that the sentences run concurrently.

Morgan's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. In compliance with *Kelly v. State*,[3] counsel notified Morgan of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Morgan's review of the appellate record by providing him with a copy of the clerk's and reporter's records. This court afforded Morgan the opportunity to file a brief on his own behalf, but he has not done so.

As the reviewing court, we must conduct an independent evaluation of the records to determine whether counsel is correct in determining that the appeals are frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the records and counsel's brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment in each case.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2015